| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | '05 CIV 960 |
| OMICRON CAPITAL, LLC,<br><br>                       Plaintiff,<br><br>        - against -<br><br>OMICRON CAPITAL LLC,<br><br>                       Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>ECF<br><br>JUDGE SWEET |

Plaintiff Omicron Capital, LLC, by its attorneys, Feldman Weinstein LLP, for its complaint against defendant Omicron Capital LLC, alleges as follows:

### Jurisdiction and Venue

1. This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction pursuant to 28 U.S.C. 1367(a).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred in this district.

### The Parties

3. Plaintiff is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 650 Fifth Avenue, New York, New York 10019.

4. Defendant is a limited liability company organized and existing under the laws of the State of Missouri, with its principal place of business at 340 Carr Manor, St. Louis, Missouri 63021.

## Nature of the Action and Relief Sought

5. This is a civil action for trademark infringement and unfair competition arising out of defendant's use in commerce of OMICRON CAPITAL as its business name, in violation of plaintiff's common law rights.

6. Since 1997, plaintiff and its related entities, the names of which also include OMICRON (e.g., Omicron Master Fund, Omicron Capital L.P.) have operated in the financial services industry, including investing in private equities, trading in corporate debt and equity, and managing investment funds. Plaintiff, through its related entities, manages assets in excess of $225 million.

7. As a result of plaintiff's long and extensive use of OMICRON CAPITAL, investors, brokers and others in the financial services industry associate OMICRON CAPITAL exclusively with plaintiff and its related entities.

8. Defendant has been engaged in business in interstate commerce and, upon information and belief, has been actively financing with and investing in corporate securities in its capacity as a financial services firm.

9. Defendant's use of OMICRON or OMICRON CAPITAL in connection with financial services is likely to cause confusion among brokers, investors and others with whom plaintiff does business that it has a relationship with defendant. This constitutes trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## Count I
### False Designation of Origin 15 U.S.C. § 1125(a)

10. Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 9 above as if fully set forth at length herein.

11. Defendant's use of the name OMICRON CAPITAL as described above constitutes a false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## Count II
## Unfair Competition Under New York Common Law

12. Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 11 above as if fully set forth at length herein.

13. The acts of defendant as described above constitute unfair competition in violation of plaintiff's rights under New York State common law, as preserved by N.Y. Gen. Bus. Law § 360-a.

**WHEREFORE**, plaintiff respectfully demands judgment as follows:

1. That defendant, its members, agents, servants, employees, representatives, attorneys, affiliates, successors, assigns, and all others in active concert and participation with them or any of them, be permanently enjoined and restrained from:

    a. using the name or mark OMICRON CAPITAL, or any other name or mark consisting of or including OMICRON, in connection with financial services.

    b. representing, by any means whatsoever, that any of its services or business transactions involve plaitniff, and from otherwise acting in a way likely to cause confusion, mistake or deception as to the origin, association or sponsorship of such services or transactions; and

    c. doing any other acts or things calculated or likely to cause confusion or mistake or to lead to the belief that defendant is somehow sponsored by, associated with, or otherwise affiliated with plaintiff, and from otherwise unfairly competing with plaintiff.

2. That defendant, its members, agents, servants, employees, representatives, attorneys, affiliates, successors, assigns, and all others in active concert and participation with them or any of them, take affirmative steps to dispel such false impressions that heretofore have been created by its use of the name OMICRON.

3. That the Court order the Commissioner of Trademarks of the United States Patent and Trademark Office to cancel any trademark registration incorporating OMICRON issued to defendant.

4. That defendant account to plaintiff for its profits and damages sustained by plaintiff, to the extent calculable, arising from the foregoing acts of false designation of rights and unfair competition.

5. That, in accordance with such accounting, plaintiff be awarded judgment for up to three times such profit or damages (whichever is greater), pursuant to 15 U.S.C. § 1117.

6. That plaintiff have and recover its costs, including its reasonable attorneys' fees and disbursements in this action, pursuant to 15 U.S.C. § 1117.

7. That plaintiff have such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       January 28, 2005

By: *[signature]*

**FELDMAN WEINSTEIN LLP**

Eric Weinstein (EW 5423)
Matthew R. Chait (MC 9808)
420 Lexington Avenue
New York, New York 10170
(212) 869-7000

Attorneys for Plaintiff